UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00654 RHH |
| | ) | |
| SPIRIT AIRLINES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Sidney Keys for leave to commence this civil action without prepayment of the required filing fee.[1] [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial

---

[1]The Court notes plaintiff Sidney Keys has previously filed nineteen (19) in forma pauperis civil cases in this Court, all of which have been dismissed upon initial review for failure to state a claim, voluntarily dismissed by plaintiff, dismissed upon a Fed.R.Civ.P. 12(b)(6) motion, or dismissed for failure to comply with a Court order. Plaintiff has three new civil filings that have not yet been reviewed by the Court pursuant to 28 U.S.C. § 1915.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who filed the instant civil action against Spirit Airlines and Ted Christie, the Chief Operating Officer of Spirit Airlines. [ECF No. 1]. Plaintiff has not properly articulated a basis for this Court's jurisdiction in his complaint. Although he has checked both the boxes for "Federal Question Jurisdiction" and "Diversity of Citizenship" on his "Civil Cover Sheet," he has not properly alleged facts relative to either jurisdictional basis in the body of his complaint.

Plaintiff states he is a citizen of the State of Missouri. [ECF No. 1.] He has not articulated what state defendant Christie is a citizen of, and he also has failed to indicate where Spirit Airlines is incorporated. He states that defendant Spirit Airlines has its principal place of business in the State of Florida. However, under the "Amount in Controversy" section of the complaint, plaintiff states, "Unknown."

Plaintiff alleges that on September 17, 2022, he was a passenger on board a Spirit Airlines Jet when "the pilot was on the runway at top speed." He states that when the plane became airborne, the plane dropped back down on the runway and the pilot slammed on the brakes. Plaintiff alleges that the "sudden jerk" damaged his neck, shoulders, back, head, lower back, buttocks and right leg.

**Discussion**

Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined plaintiff has not carried his burden of establishing subject matter jurisdiction.

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of

general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

**A. Federal Question Jurisdiction Under 28 U.S.C. § 1331**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a

claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

**B. Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332**

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop*

*Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

Additionally, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

### C. Failure to Prove Subject Matter Jurisdiction

The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship*, 235 F.3d at 1112. In this case, plaintiff has failed to establish the existence of subject matter jurisdiction.

As to diversity jurisdiction, plaintiff has not shown that the amount in controversy exceeds the jurisdictional threshold because there is no amount alleged whatsoever. Moreover, plaintiff has not established diversity between the parties. For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as the defendants. Here, in the caption, plaintiff provides a Missouri address for himself, but he has failed to demonstrate the citizenship of the defendants. If plaintiff and defendants are citizens of the same state, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

As to federal question jurisdiction, plaintiff has failed to articulate a statute or a provision of the Constitution that he believes defendants violated with respect to the claims in his complaint. Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n*, 784 F.2d at 325. "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin*, 407 F.3d at 907. Here, plaintiff does not cite to a specific federal statute or provision of the United States Constitution which is at issue in this case.

**D. Order to Show Cause**

As discussed above, plaintiff has the burden of establishing the Court's subject matter jurisdiction. In this case, plaintiff has not provided a jurisdictional amount, has not clearly alleged diversity of citizenship, and has not pointed to a federal statute or constitutional provision to support this case involves a federal matter. Therefore, the Court will order plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction. Plaintiff will be given **twenty-one (21) days** to submit a written response. Failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."

*Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court has determined that plaintiff has failed to adequately allege the Court's subject matter jurisdiction, and has ordered him to show cause as to why this action should not be dismissed. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff is ordered to show cause in writing and within **twenty-one (21) days** of the date of this order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a show cause response in writing and within **twenty-one (21) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 24th day of May, 2023.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE